*114 The opinion of the Court was delivered by
Whitner, J.
This applicant for the benefit of the Insolvent Debtors’ Act was in no view of the case under arrest when the single ca. sa. which had issued was satisfied. His schedule had been challenged, but it had not been falsified. Issues had been made up but had not been tried, and the question is presented, was the petitioner bound to proceed or might he not abandon his petition ?
It is manifest the arresting creditor could not interpose any objection, for he had accepted satisfaction of his debt and thereby in law discharged the arrest; any further restraint on the liberty of the debtor would have been unlawful.
Put according to the scheme of our Act the appellants had been called, because being suing creditors, the applicant sought to be dischai’ged from their debt. They had elected to proceed against his property and not against his body, and claim under the authority of the cases of Sherman and DeBruhl vs. Barrett, 1 McM. 159, and Walker vs. Briggs, 1 Hill, 291, that the applicant should be denied the right of abandoning his application, although he pays up the costs incurred.
There is a distinction however between those cases and the one before the Court, and unless it can be obviated must be fatal to the present motion.
No penalty had yet attached and no detainer had been lodged. The applicant was no longer a prisoner, and the question arises, can he proceed ? To what end ? He had prayed the benefit of the Act, and this relief he could not have, even although the creditors had all withdrawn their contest. If the issue had been tried and found in his favor he could not have been* discharged under the Act, and this denial is not the result of anything which the debtor had done forbidden by the law. He had paid a debt which it was proper he should pay, and no wrong has resulted to these creditors. Yet in either event above suggested, the oath could not have *115 been'taken and would not have been administered with the fact before the Court, and without it a discharge could not have been ordered.
To retain the petition and press the party to trial would be delusive and cruel. Even-handed justice cannot subject one to such an ordeal when in no event can anything be gained by him. The hazard is altogether one way, and the benefit altogether another, and this, too, in a proceeding in contemplation of relief and not ruin.
The principles laid down in the case of Clark, McTier & Co. vs. Simpson, 1 McM., 286, are full to the point now under consideration, and although that was a case in which the debtor had been arrested on mesne process and discharged from his confinement without his consent, yet because he was no longer an imprisoned debtor he was held not entitled to the benefit of the Act.
The course pursued by the Circuit Judge, in granting the orders in question, is approved by this Court, and the present motion is dismissed.
O’Neall, Wardlaw, Withers, and Gloveb, JJ., concurred.
Motion refused.